RONALD A. VAN WERT, WSBA #32050
ETTER, McMAHON, LAMBERSON
VAN WERT & ORESKOVICH, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA  99201
(509)747-9100
(509)623-1439 Fax
Email: rvw@ettermcmahon.com

*Attorney for Defendant Ismael Ortiz, Jr.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) No.  2:21-CR-00043-TOR-3 |
| vs. | ) **DEFENDANT ORTIZ'S SENTENCING MEMORANDUM** |
| ISMAEL ORTIZ, JR., | ) |
| Defendant. | ) |

Defendant Ismael Ortiz, Jr. ("Mr. Ortiz"), by and through his attorney of record, Ronald A. Van Wert of Etter, McMahon, Lamberson, Van Wert & Oreskovich, P.C., hereby respectfully submits his Sentencing Memorandum per the Court's *Order Accepting Guilty Plea and Setting Sentencing Schedule* ("Order") [ECF 436].

Defendant Ortiz's
Sentencing Memorandum
Page  1

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Mr. Ortiz has entered into an 11(c)(1)(C) plea of guilty to one count of conspiracy to distribute 50 grams of actual (pure) methamphetamine. For the reasons stated herein and at the time of sentencing, Mr. Ortiz respectfully requests that the Court sentence Mr. Ortiz to no more than the mandatory minimum of 10 years, which is "sufficient, but not greater than necessary, to accomplish the objectives of 18 U.S.C. § 3553(a)."

I.  **18 U.S.C. § 3553(a)**

In accordance with the United States Supreme Court's decision in *U.S. v. Booker*, 543 U.S. 220 (2005), when sentencing a defendant, the sentencing court must consider the factors listed in 18 U.S.C. § 3553(a). Section 3553(a) provides, in pertinent part:

> The court shall impose a sentence <u>sufficient but not greater than necessary</u> to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider
>
> (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)  the need for the sentence imposed—
>    a.  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    b.  to afford adequate deterrence to criminal conduct;
>    c.  to protect the public from further crimes of

Defendant Ortiz's
Sentencing Memorandum
Page 2

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

>   the defendant; and
> d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available…

(Emphasis added.)

Although the sentencing court must also consider the sentencing guidelines, it must not give more weight to the sentencing guidelines than to § 3553(a). *U.S. v. Zavala*, 443 F.3d 1165, 1169 (9th Cir. 2006). Moreover, if the sentencing court treats a guidelines range as the presumptive sentence, the court "will commit legal error by misapplying § 3553(a)." *Id.* at 1170.

The sentencing court's "task is to attempt to find the most reasonable sentence for [the particular defendant] within the territory of all possible reasonable sentences." *Id.* Sentencing is not mechanical, but rather a "difficult art." *U.S. v. Diaz-Argueta*, 447 F.3d 1167, 1172 (9th Cir. 2006). It is "an act of reason as the judge looking at this particular person and the circumstances of the crime that this particular person has committed makes a judgment following the prescriptions of [§ 3553(a)]." *Id.*

Defendant Ortiz's
Sentencing Memorandum
Page 3

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

**a.  Nature and circumstances of the offense and the history and characteristics of the defendant**

Notably, Mr. Ortiz's most recent history consists of becoming a father and staying in compliance with release conditions for over 1 ½ years leading to his arrest upon pleading guilty to the current offense. At 32 years old, Mr. Ortiz has achieved a level of maturity and responsibility that he was lacking during his formative years of adolescence. Those years were marked by instability in his home, including mental health issues, alcoholism, and emotional abuse. To cope, Mr. Ortiz turned to substance abuse—alcohol in particular—and gang activity. Mr. Ortiz's criminal history prior to reaching 21 years old reflects these destructive influences.

Attachment A hereto is a letter written by Mr. Ortiz in which he breaks down his criminal history, acknowledges his culpability, and expresses his commitment to improve himself for the sake of his child and himself. Mr. Ortiz has demonstrated an ability to succeed in endeavors to advance himself lawfully in society, including obtaining his GED, completing a course in automotive technology, and obtaining his

Defendant Ortiz's
Sentencing Memorandum
Page 4

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

commercial driver's license. Mr. Ortiz intends to continue to learn trades while incarcerated.

Mr. Ortiz further recognizes his struggles with alcoholism and anxiety. Mr. Ortiz hopes to have an opportunity to participate in programs while incarcerated to address those disorders. Mr. Ortiz respectfully requests that the Court recommend him for a mental health assessment and the RDAP program.

Mr. Ortiz will be over 40 years old when he is released from prison. The likelihood of recidivism decreases with age. Imprisonment for more than ten years is more than what is necessary to achieve the objectives of 18 U.S.C. § 3553(a).

**b. Time period will appropriately punish, deter, and protect**

In the year and a half leading up to his arrest at the change of plea hearing, Mr. Ortiz was able to demonstrate a level of compliance that was marked by a reduction in release conditions. Mr. Ortiz thereby established that he does not pose a threat to the community. Also, unlike co-defendants Crittenden, Garcia, and Santacruz, Mr. Ortiz was not found in the possession of or associated with firearms, or assessed an

Defendant Ortiz's
Sentencing Memorandum
Page 5

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

enhancement for threats or use of violence.  Ten years of imprisonment is more than necessary to protect the community.

A review of Mr. Ortiz's criminal history shows that this is his first drug offense.  Although ten years is the mandatory minimum, it sits right about the middle of his otherwise applicable guideline range of 108 to 135 years.  Accordingly, Mr. Ortiz will not fall at the low end of his applicable guideline range.  The information provided in the PSIR and herein as well as that presented at sentencing challenges the soundness of mandatory minimums and would justify a sentence below the guideline range.  Accordingly, ten years is sufficient punishment for Mr. Ortiz.

Maturity and fatherhood provide the largest deterrents to recidivism for Mr. Ortiz.  Moreover, Mr. Ortiz has demonstrated his ability to remain law abiding via his compliance for 1 ½ years on release.  Furthermore, Mr. Ortiz intends to counsel younger inmates to learn from his mistakes.  Thus, Mr. Ortiz will be working to deter others from reoffending.

Attachment B hereto is a letter of reference from a fellow church member, Roy Serrato, attesting to Mr. Ortiz's character and reflecting a network of support for Mr. Ortiz.  Attachment C is a letter from Mr.

Defendant Ortiz's
Sentencing Memorandum
Page  6

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Ortiz's cousin, Joe Hernandez, from Oregon who requests that Mr. Ortiz be housed in Sheridan, Oregon where he would have the support of family, including Mr. Hernandez and his sister, Priscilla Lowells. Mr. Hernandez notes the positive effect of personal visitation on reducing recidivism. For the foregoing reasons, more time will not have an additive effect on deterrence and, therefore, would be contrary to the objectives of 18 U.S.C. § 3553(a).

For the reasons stated above and the record before the Court, including the presentation at the forthcoming sentencing hearing, ten years—the mandatory minimum and mid-point of the applicable sentencing range—is sufficient, but not greater than necessary, to accomplish the objectives of 18 U.S.C. § 3553(a). Accordingly, Mr. Ortiz respectfully requests that the Court sentence him to ten years imprisonment.

RESPECTFULLY SUBMITTED this 27th day of July 2023.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.

By: /s/ Ronald A. Van Wert
RONALD A. VAN WERT, WSBA #32050
Attorney for Defendant Ismael Ortiz

Defendant Ortiz's
Sentencing Memorandum
Page 7

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of July 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all counsel of record in this matter registered with the CM/ECF System.

/s/RONALD A. VAN WERT
RONALD A. VAN WERT, WSBA 32050
ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA  99201
(509) 747-9100
(509) 623-1439 Fax
Email:  rvw@ettermcmahon.com
Attorney for Defendant Ismael Ortiz, Jr.

Defendant Ortiz's
Sentencing Memorandum
Page 8

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100